UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE BELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-00201-GMN -VCF |
| v. ) | |
| ) | **O R D E R** |
| LAS VEGAS METROPOLITAN ) | |
| POLICE DEPARTMENT, *et al.,* ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is defendant LVMPD's Motion To Strike Late Identified Expert Witness. (#34). Plaintiff filed an Opposition (#38), and defendants filed a Reply (#41). The court scheduled a hearing for November 17, 2011, and ordered counsel for defendants to file a verified statement of reasonable expenses, including attorney fees, caused by plaintiff's failure to timely disclose expert witness Louis F. Mortillaro. (#48). On November 4, 2011, defendants' counsel filed a Verified Statement of Costs and Fees. (#51).

**Relevant Facts**

Plaintiff filed his complaint on February 17, 2010, asserting claims for (1) violation of civil rights to life and security of person, (2) violation of civil rights - municipal liability, (3) negligence, (4) negligent supervision and training, (5) battery, (6) false imprisonment, (7) intentional infliction of emotional distress, and (8) negligent infliction of emotional distress. (#1). Plaintiff alleges that he has suffered physical, mental, and financial loss as a result of the conduct of the LVMPD and its officers. *Id.*

On April 19, 2011, the court entered an order extending discovery deadlines as follows: End of Discovery-August 23, 2011, Expert Disclosures- June 24, 2011, and Rebuttal Expert Disclosures- July 25, 2011. (#21). Defendants assert that "[a]t the very outset of the litigation," they inquired as to the

identity of plaintiff's expert, but that such disclosure was not made at that time. (#34 Exhibit A). In defendants' written discovery requests, they sought information regarding the plaintiff's experts, but plaintiff did not provide any information regarding his experts in his response. (#34 Exhibits B, C, D, E, F, and G). Prior to the June 24, 2011, expert disclosure deadline, defendants served plaintiff with their expert disclosures, indicating the identity of the experts and the experts' opinions. (#34 Exhibit H-K). On June 24, 2011, plaintiff served defendants with plaintiff's designation of expert witnesses. (#34 Exhibit L). Plaintiff named Louis F. Mortillaro and Dr. Richard Cestkowski, D.O., M.D. as experts, and stated that the experts' reports and the experts' CV, list of publications, prior expert testimony, and fee schedule will be produced in a supplement to plaintiff's 26.1 list of witnesses and documents. *Id.*

Thereafter, plaintiff served defendants with his fifth supplemental list of witnesses and production of documents, which provided contact information for Dr. Mortillaro and stated that he had been retained as an expert and is expected to testify as to the psychological damage suffered by the plaintiff. (#34 Exhibit M). The supplemental list also included Dr. Mortillaro's curriculum vitae, W-9, fee schedule, and list of expert testimony. *Id.* The supplement did not contain any information or documents pertaining to Dr. Cestkowski. *Id.* On July 26, 2011, one day after the deadline to disclose rebuttal experts, plaintiff served defendants with plaintiff's seventh supplemental list of witnesses and production of documents. (#34 Exhibit N). This supplement contained Dr. Mortillaro's clinical psychological assessment of plaintiff, but did not mention Dr. Cestkowski or contain any report from him. *Id.* Dr. Mortillaro's assessment demonstrates that plaintiff's psychological testing and first clinical interview were conducted on July 6, 2011, eleven days after the deadline for expert disclosures. *Id.*

**Arguments**

Defendants assert that since "insufficient time exists to allow [d]efendants to meaningfully consider the content of Dr. Mortillaro's opinion and rebut the same-along with scheduling his deposition," the court should strike the plaintiff's late identified witnesses. (#34). In plaintiff's

2

opposition, he asserts that the defendants have not suffered any prejudice, and that the report was served at a time that provided defendants with the ability to conduct Dr. Mortillaro's deposition.  (#38). Plaintiff also states that he de-designates Dr. Cestkowski as an expert, and that the defendants' motion to strike the same is moot. *Id.* Plaintiff admitted that Dr. Mortillaro's report was untimely, but did not provide the court with any explanation as to why the report was served *one month late. Id.* Plaintiff asks this court not to strike Dr. Mortillaro's opinion, as it would leave him with "no expert to even attempt to rebut the testimony of [d]efendants' expert regarding [p]laintiff's mental condition." *Id.*

In defendants' reply, they assert that plaintiff did not comply with the federal rules or with this court's order with regard to expert disclosures, failed to provide the court with a "valid reason why proper disclosure could not have been completed within the [c]ourt's allotted time," and cites no case law to support the argument that the defendants should have taken the expert's deposition. (#41). Thus, defendants argue, the court should preclude Dr. Mortillaro from providing his opinion at trail or in any post-discovery matters. *Id.*

**Discussion**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," and such disclosure "must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  The expert's report must contain "(I) a complete statement of all opinions the witness will express and the basis and reasons for them, (ii) the facts or data considered by the witness in forming them, (iii) any exhibits that will be used to summarize or support them, (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years, (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

1  The disclosures must be made "at the times and in the sequence that the court orders." Fed. R.
2  Civ. P. 26(a)(2)(D).  If a party fails to provide such disclosures as required under Rule 26(a), "the party
3  is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a
4  trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  As an
5  additional sanction, the court may "order payment of the reasonable expenses, including attorney's fees,
6  caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

7  Pursuant to the court's order (#21), expert disclosures were due on June 24, 2011, and rebuttal
8  expert disclosures were due on July 25, 2011.  There is no dispute that plaintiff failed to timely disclose
9  Dr. Mortillaro's report.  The initial designation simply named Dr. Mortillaro as an expert, but did not
10 fulfill the requirements of Rule 26(a)(2)(B).  (#34 Exhibit L).  Plaintiff's supplement did not contain
11 the opinions of the expert, and only partially complied with the federal rules by providing the defendants
12 with the expert's fees, previous testimony, etc.  (#34 Exhibit M).  Plaintiff's expert's report was not
13 served until July 26, 2011, one day after the rebuttal expert disclosure deadline.  (#34 Exhibit N).  In
14 plaintiff's opposition, he did not provide the court with any justification for the untimely and incomplete
15 disclosures.  (#38).  In fact, plaintiff did not argue that his failure was justified in any way, and only
16 asserted that defendants could depose the expert and were not prejudiced. *Id.*

17 The court finds that the defendants suffered prejudice as a result of the plaintiff's late
18 disclosures. See *Wong v. Regents of University of California,* 410 F.3d 1052, 1061-1062 (9th Cir.
19 2005)(holding that "[d]isruption to the schedule of the court and other parties [by late disclosures of
20 expert witnesses] is not harmless," and such late disclosures warrant excluding expert witnesses.).
21 Absent any showing of "substantial justification," the court finds that striking plaintiff's expert's report
22 and precluding plaintiff from utilizing Dr. Mortillaro's opinion is warranted. Fed. R. Civ. P. 37(c)(1).
23 As a sanction for plaintiff's failure to comply with this court's order and the federal rules, the plaintiff
24 is required to pay "reasonable expenses, including attorney's fees, caused by the failure" in the amount
25 of $1,000. Fed. R. Civ. P. 37(c)(1)(A).

26

Accordingly, and for good cause shown,

IT IS ORDERED that LVMPD's Motion To Strike Late Identified Expert Witness (#34) is GRANTED. Plaintiff is precluded from utilizing the opinion of Dr. Mortillaro "to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

IT IS FURTHER ORDERED that defendants shall be awarded "reasonable expenses, including attorney's fees, caused by the failure" in the amount of $1,000. Fed. R. Civ. P. 37(c)(1)(A). Plaintiff shall pay $750, and plaintiff's former counsel Mr. Saggese shall pay $250.

DATED this 13th day of Month, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**